IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

EQUITABLE PLAN SERVICES, INC., )
                                )
              Plaintiff,        )
                                )
vs.                             ) Case Number CIV-10-301-C
                                )
MEMORIAL HERMANN HOSPITAL       )
SYSTEM,                         )
                                )
              Defendant.        )

# MEMORANDUM OPINION AND ORDER

Plaintiff, an Oklahoma corporation, is a third-party administrator for an insurance benefit plan established and administered by Mundy Companies (Mundy), an employer located in Houston, Texas. Defendant is a large hospital system incorporated in the state of Texas and located in Houston, Texas. According to Plaintiff's Petition[1], one of Mundy's insureds (the Patient) was injured in Houston, Texas, and was taken to Defendant's facility for treatment. Although Plaintiff states that its offices were closed at the time of the injury, Defendant contends that it contacted Plaintiff to determine whether the Patient was covered by Mundy's benefit plan. According to Defendant, Plaintiff verbally assured the hospital that it would be paid for services rendered. On May 4, 2009, Defendant formally submitted a claim to Plaintiff for payment. On September 17, 2009, Defendant sent copies of the emergency room report and other pertinent medical records to Plaintiff's Oklahoma City

---

[1] Plaintiff originally filed this action in state court. Accordingly, the initiating pleading is properly referenced as a Petition. The Court will continue that designation throughout this Order for clarity.

office. Subsequently, on October 9, 2009, Plaintiff informed Defendant that the claim was denied because the plan excluded coverage for injuries incurred while the Patient was engaged in an illegal activity.

Defendant subsequently referred the benefits claim to its counsel. On February 15, 2010, Defendant's counsel sent Plaintiff a letter demanding payment of the claim, stating that Plaintiff had previously represented that the hospital would be paid for its services. The letter also indicated Defendant's intent to appeal Plaintiff's denial of the claim, and threatened legal action should payment not be made promptly. Subsequently, on March 4, 2010, Plaintiff filed the present Petition in Oklahoma County District Court, seeking declaratory relief and monetary damages arising out of Defendant's conduct in attempting to secure payment on medical bills incurred at its facility.[2] Defendant filed the present motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, seeking dismissal for lack of personal jurisdiction and improper venue. In the alternative, Defendant asks that the Court abstain from deciding the present action and instead transfer the case to either the Southern District of Texas (Houston Division) or to a state district court in Harris County, Texas.

---

[2] The case was removed to federal court on March 24, 2010. Plaintiff subsequently filed a Supplemental Complaint (see Dkt. No. 19) on June 8, 2010, containing allegations regarding Defendant's actions that occurred after filing the initial Petition.

**DISCUSSION**

Whether the Court has jurisdiction over Defendant, a nonresident corporation, depends upon whether Oklahoma's long-arm statute authorizes such an exercise of jurisdiction and whether doing so in this case comports with the requirements of due process. Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op, 17 F.3d 1302, 1304-05 (10th Cir. 1994). Because Oklahoma's long-arm statute permits courts to exercise jurisdiction on any basis consistent with the Oklahoma and United States Constitutions, the jurisdictional inquiry becomes simply a question of due process. 12 Okla. Stat. § 2004(F); Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988). Consistent with due process, courts "'may exercise personal jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum state.'" OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1090 (10th Cir. 1998) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1979)).

> The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert *specific* jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain *general* personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. However, "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'"

Id. at 1090-91 (internal citations omitted).

> The specific jurisdiction inquiry has two prongs.
>
> First, [courts] must determine whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there." Within this inquiry [courts] must determine whether the defendant purposefully directed its activities at residents of the forum and whether the plaintiff's claim arises out of or results from "actions by the defendant *himself* that create a substantial connection with the forum state." Second, if the defendant's actions create sufficient minimum contacts, [courts] must then consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is "reasonable" in light of the circumstances surrounding the case.

Id. at 1091 (internal citations omitted).

In order to determine whether specific jurisdiction is proper in this case, the Court must first consider whether Defendant purposefully directed its activities at residents of Oklahoma. This prong requires that Defendant itself acted in a manner creating a substantial connection with the state of Oklahoma. Id. at 1092. Jurisdiction is not proper, therefore, if Defendant's activities within Oklahoma arose solely because of the unilateral actions of Plaintiff or a third-party. Id. Based upon the evidence before the Court, it is clear that Defendant did not purposely direct its activities toward Oklahoma. Defendant's presence in this state was the result of the unilateral acts of other parties, namely Mundy's choice of Plaintiff, an Oklahoma company, as the third-party administrator of its benefits plan. Defendant did not choose, on its own, to conduct business with an Oklahoma company, but rather was required to do so when the Patient, seeking emergency treatment at Defendant's facility, presented an insurance card indicating that Plaintiff was the party to contact for

4

approval. Because Defendant did not direct its activities toward Oklahoma of its own volition, this Court cannot exercise specific jurisdiction over Defendant.

Next, the Court must examine whether it has general jurisdiction over Defendant. For this type of jurisdiction, Defendant's contacts with Oklahoma must be greater than those necessary to maintain specific jurisdiction. Doe v. Nat'l Med. Servs., 974 F.2d 143, 146 (10th Cir. 1992). Here, the Court must consider Defendant's general business contacts with Oklahoma. Id. "As with specific jurisdiction, the unilateral activity of another party 'is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.'" Id.

According to Plaintiff, the Court must consider the following contacts with Oklahoma: (1) Defendant's attempt to secure payment for a claim regarding the Patient's injuries; (2) Defendant's attempt to secure payment from at least one other Oklahoma third-party administrator for an insured's claims; (3) a lawsuit filed in Oklahoma by Defendant against another Oklahoma third-party administrator for payment of insurance benefits; (4) the fact that Defendant is registered with Plaintiff's fax system in Oklahoma County. As noted above, Defendant's attempts to secure payment for the Patient's claims are the result of actions of a third-party and cannot, therefore, be considered for jurisdictional purposes. Defendant's attempts to secure claims from a second third-party administrator must be treated in the same manner. The two remaining contacts with Oklahoma are not sufficient, without more, to permit the Court to find that Defendant has continuous and systematic

contacts with Oklahoma. As a result, the Court does not have general jurisdiction over Defendant.

## CONCLUSION

For the reasons stated herein, the Court does not have personal jurisdiction over Defendant and Plaintiff's claims must be dismissed. Accordingly, Defendant's Motion to Dismiss or Transfer (Dkt. No. 9) is GRANTED.

IT IS SO ORDERED this 30th day of July, 2010.

ROBIN J. CAUTHRON
United States District Judge